1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOHN WHALEN, JR., | CASE NO. 06cv2629 WQH (RBB) |
| 12                              Plaintiff, | **ORDER** |
|      vs. | (Doc. # 7) |
| 13  M/V MILUSKA, OFFICIAL NO. | |
| 14  1041971, her engines, tackle, etc., in rem; | |
|      and DAVID GEORGE HOPKINS, and | |
| 15  DOES 1 through 10, Inclusive, | |
| 16                              Defendants. | |

17   HAYES, Judge:

18        The matter before the Court is the "Motion to Dismiss for Lack of Proper Party

19   Pursuant to Federal Rule Code of Civil Procedure 12(b)(7)" ("Motion to Dismiss") (Doc. # 7),

20   filed by Defendant David George Hopkins ("Mr. Hopkins").

21        In his Motion to Dismiss, Mr. Hopkins argues that in this action to quiet title and

22   discharge a maritime lien, Plaintiff has failed to name a necessary party, "Whalen Holdings,

23   LLC."  In support of this argument, Mr. Hopkins submits a Declaration from his attorney

24   stating, "I am informed and believe that the Plaintiff John Whalen, entered into an[] agreement

25   to create an[] LLC, which LLC was to obtain title to the vessel Miluska. . . .  Subsequent to the

26   agreement to set up an LLC, the undersigned is informed and believes that an oral agreement

27   was reached by John Whalen and David Anthony Hopkins to restore title of the vessel to

28   refund $200,000 for the vessel."  (Pascoe Decl. ¶¶ 2-3.)  In his Brief, Mr. Hopkins states:

1  "[T]he LLC was formed and organized under the laws of the State of Oregon, but the

2  necessary paper work was never completed to transfer title of the vessel to the LLC."  (Mem.

3  Supp. Mot. Dismiss at 1-2.)

4  Plaintiff John Whalen, Jr. ("Mr. Whalen") opposes the motion, submitting evidence that

5  Whalen Holdings LLC ("Whalen Holdings") was not used to transfer title of the vessel

6  Miluska as originally planned, Whalen Holdings never had title to the Miluska (Whalen Decl.

7  ¶ 3), and Whalen Holdings dissolved on May 12, 2006 (Kammer Decl. ¶ 2, Ex. 1).

8  Mr. Hopkins brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(7),

9  which provides that a party may bring a motion to dismiss for "failure to join a party under

10  Rule 19."  Fed. R. Civ. P. 12(b)(7).  "Federal Rule of Civil Procedure 19 provides a three-step

11  process for determining whether the court should dismiss an action for failure to join a

12  purportedly indispensable party.  First, the court must determine whether the absent party is

13  'necessary'. . . .  If the absent party is 'necessary,' the court must determine whether joinder

14  is 'feasible.'  Finally, if joinder is not 'feasible,' the court must decide whether the absent party

15  is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue

16  without the party."  *U.S. v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P.

17  19).[1]

18

19  _____

[1]  Rule 19 provides:
(a) Persons to be Joined if Feasible.  A person who is subject to service of
20  process and whose joinder will not deprive the court of jurisdiction over the
subject matter of the action shall be joined as a party in the action if (1) in the
21  person's absence complete relief cannot be accorded among those already
parties, or (2) the person claims an interest relating to the subject of the action
22  and is so situated that the disposition of the action in the person's absence may
(i) as a practical matter impair or impede the person's ability to protect that
23  interest or (ii) leave any of the persons already parties subject to a substantial
risk of incurring double, multiple, or otherwise inconsistent obligations by
24  reason of the claimed interest.  If the person has not been so joined, the court
shall order that the person be made a party.  If the person should join as a
25  plaintiff but refuses to do so, the person may be made a defendant, or, in a
proper case, an involuntary plaintiff.  If the joined party objects to venue and
26  joinder of that party would render the venue of the action improper, that party
shall be dismissed from the action.
27  (b) Determination by Court Whenever Joinder not Feasible.  If a person as
described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall
28  determine whether in equity and good conscience the action should proceed
among the parties before it, or should be dismissed, the absent person being thus

- 2 -

In this case, there has been no showing that Whalen Holdings satisfies any of the requirements of Rule 19.  For instance, the "first requirement" is that Whalen Holdings is a "necessary party." *Bowen*, 172 F.3d at 688.  "Fed. R. Civ. P. 19(a) provides that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *Id.* (citing *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996)).  The undisputed evidence shows that Whalen Holdings never had title to the vessel at issue, never claimed any ownership interest in it, has not asserted any maritime lien on it, and is now a dissolved entity.  Even the movant, Mr. Hopkins, concedes that "the necessary paperwork was never completed to transfer title of the vessel to the LLC."  (Mem. Supp. Mot. Dismiss at 2.)  Yet Mr. Hopkins also states that "Whalen Holdings LLC has a colorable claim to the title of the vessel" (Mem. Supp. Mot. Dismiss at 3), without explaining the legal basis for this "colorable claim."  Mr. Hopkins, as the movant, bears the burden of proving that dismissal is warranted.  *See Biagro Western Sales Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) ("A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion.") (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)); *Village of Hotvela Traditional Elders v. Indian Health Serv.*, 1 F. Supp. 2d 1022, 1025 (D. Ariz. 1997) (same).  He has failed to meet his burden of showing that Whalen Holdings is either a necessary or an indispensable party.

Mr. Hopkins also states that dismissal of this action is appropriate because "there is already pending an action by and between the parties to resolve the financial dispute as to the equitable and actual lien which was filed to protect the interest of David Hopkins."  (Mem.

---

regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19.

1   Supp. Mot. Dismiss at 3.)  To the extent Mr. Hopkins is moving for dismissal pursuant to an

2   abstention doctrine, he has failed to identify which doctrine he is invoking, and to adequately

3   support his motion with facts demonstrating that the requirements of that doctrine are satisfied

4   in this case.  *Cf. Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976);

5   *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Brillhart*

6   *v. Excess Ins. Co.*, 316 U.S. 491 (1942); *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S.

7   496 (1941).

8          For the reasons discussed above, Mr. Hopkins' Motion to Dismiss (Doc. # 7) is

9   **DENIED**.

10   DATED:  May 1, 2007

11                                          _William Q. Hayes_
                                          **WILLIAM Q. HAYES**
12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28